## J. R. JONES v. SALLIE P. BOYD.

Eastern Section. December 14, 1929.

Petition for Certiorari denied by Supreme Court, March 5, 1930.

J. C. Wilburn, of Knoxville, for appellant.

Jennings, Wright & Saxton, of Knoxville, for appellee.

PORTRUM, J. A bill was filed by J. R. Jones for the purpose of replevying a violin from Sallie P. Boyd (but whose name is Sallie R. Boyd), as the executrix of the estate of Ole Bull Jones, deceased, and individually as the residuary legatee under the will, describing the violin as "a genuine Cremona, made by Stradivarius." Complainant alleged that he was the owner of such violin and entitled to its immediate and exclusive possession and the defendant was unlawfully detaining it from him. Complainant alleged that he had loaned the violin to one Ole Bull Jones, a relative of his, during the lifetime of Jones, and that the defendant as his executrix had taken charge of the property at the time of his death, including the violin, and that a demand had been made and refused for its return. Complainant

further alleged that the violin had been in the possession and owned by his family for many years and was given to him by his father as an heirloom and that the violin was a very valuable one but the exact value was unknown.

The complainant, while admitting that he had not seen the violin for a period of twenty or twenty-five years, and had never had possession of the instrument, seeks to set up ownership and right to possession upon a common or general understanding in the family that such violin was supposed to pass or to descend to the oldest son in the paternal line; and his father, Thomas Cooper Jones, who died in Monroe county in February, 1883, had delivered possession of the violin to his brother, Charles Calhoun Jones (who was the father of Ole Bull Jones), in his last illness, with the request that Charles Calhoun Jones retain possession of the violin until he, the complainant, J. R. Jones, then a small boy about nine years old, grew up and was big enough to own and care for it, when he would turn it over to him. Charles Calhoun Jones did not carry out this agreement and turn the violin over to the complainant, but gave it to his son, Ole Bull Jones, who showed great talent as a musician and who has held possession of the same from about 1900. The complainant, however, insists that he acquiesced in the possession of Jones because of his talent as a musician, and loaned it to him under an agreement that Jones would return it to him when he called for it.

A great many witnesses were introduced upon each side of the controversy, the executrix claiming that Ole Bull Jones had always claimed the violin as his own, as a gift from his father, and that there was no foundation for the claims of the complainant, while the complainant by his witnesses attempted to set up his contention as above detailed.

The Chancellor was of the opinion that the complainant had failed to establish his contention, and entered a decree dismissing the bill, from which the complainant has appealed.

It is incumbent upon complainant to make out his case by satisfactory evidence. The statute of limitation, which was plead and relied upon by defendant, is avoided by the loan of the violin to Jones by the complainant, if the loan is established. In the absence of the establishment of the loan, then the claim of ownership through the trust agreement is stale. A party cannot assert with good grace a claim for a violin after forty years. The natural presumption is that one would not acquiesce in the possession of another of his property for this long a time without an abandonment of all claim to the property. Upon the ground of public policy, the court should repel one seeking so stale a claim, especially after the death of the one who had held the possession for so long a time.

Ole Bull Jones—a talented musician—came into possession of this violin when a young boy, kept it during his entire life, and until he was an old man; and the claim is asserted only after his death. To avoid the result of protracted delay, the claimant attempts to set up an agreement between himself and Jones of the loan of the violin and that Jones recognized and lived up to the loan agreement; the loan is asserted to be a continuing loan and a claim for its return has ripened only upon a demand for the return of the violin, which was first made after the death of Jones and within three years before the bringing of the suit.

The material issue then is, Has the complainant established the loan agreement by the weight of the proof? His witnesses say that Jones never claimed the violin as his own. Defendant refutes this by showing by witnesses that Jones did repeatedly assert a claim of ownership to the violin. The claim was first asserted many years ago; while Jones was in New York studying music, he wrote a near relative, a witness for the complainant, speaking of his violin. This letter was passed around among the family and lodged in the papers of Jones' mother, and was found among her papers by her executor, Ole Bull Jones, and in turn came into the hands of Jones' executrix, the defendant. The claim of ownership certainly was known by the recipient of this letter, and must have become known in the family. Complainant has failed to show that Jones never claimed the violin as his own.

It is next insisted that Jones acknowledged the claim within three years of the institution of this suit. Two or more of the complainant's witnesses say he acknowledged the claim to them. One says he showed her the violin and played on it, the other that he invited him to a studio to hear him play on the violin. The defendant shows by several witnesses, some of whom could have no interest in the matter, that the violin had come apart and was in as many as three pieces and had been in this condition for five or more years, then, if this is true, he could not have played on it at the time named, nor was it probable he would have invited one to his studio to hear him play on it.

We are unable to see that the complainant has carried the burden and established by the preponderance of the proof that Jones acknowledged the agreement.

This claim is likewise beclouded by a long delay. Agreements of this kind become obscured. If the complainant is unable to establish a bona-fide claim to the violin, it is due to his negligence in permitting an agreement to remain in parol for a period of forty years and until after Jones' death. Jones' boyhood letter and his continuing claim to the violin—while it may not be used to show ownership—does make a conflict with the complainant's testimony which cannot be said

to be without dispute. Weighing this evidence and all the attending conduct and circumstances, the court is unable to say that the complainant has carried the burden of proof.

It is unnecessary to go at length into a discussion of the competency of evidence which was excepted to, further than to say it was competent for the purpose of refuting the claim that Jones had never asserted ownership to the violin.

For the reasons above stated, the decree of the Chancellor is affirmed, at the cost of the appellant.

Snodgrass and Thompson, JJ., concur.